IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| T KLAVENESS SHIPPING AS, <br> a foreign corporation <br><br> Plaintiff, <br><br> v. <br><br> GUJARAT NRE COKE LTD., <br> A foreign corporation <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 09-801 |

## COMPLAINT

Plaintiff, T Klaveness Shipping AS ("T Klaveness Shipping AS" or "Plaintiff"), a foreign corporation, by and through undersigned counsel files this Complaint against Gujarat NRE Coke Ltd. ("Gujarat" or "Defendant"), a foreign corporation, and alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2.  Plaintiff brings this action pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), seeking an order and writ of attachment for one garnishee bank in this Honorable District wherein monies of Defendant are presently located; specifically $395,256.94[1] in a maritime holdover account

---

[1] An order and writ of attachment was originally served and restrained Defendant's monies in connection with an action filed on December 18, 2008 in the Southern District of New York, *T Klaveness Shipping AS v. Gujarat NRE Coke Ltd.*, 08 Civ. 11030 (PAC) (the "New York Action"). By an Order dated October 19, 2009, the action was

located at HSBC Bank U.S.A., N.A., in New Castle, Delaware. The ancillary proceeding is brought pursuant to 9 U.S.C. § 8 to attach security in support of an already-pending London arbitration proceeding in which both T Klaveness Shipping AS and Gujarat fully are participating.

3.      At all times material herein, Plaintiff T Klaveness Shipping AS was and is a business entity organized and existing under the laws of Norway and maintains its principal place of business at P.O. Box 182, Skøyen, NO-0212, Oslo, Norway.

4.      Upon information and belief, at all times material herein, defendant Gujarat is and was a business entity organized and existing under the laws of a foreign state with a place of business at 22, Camac Street, Block-C, 5th floor, Kolkata, 700 016, India.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that the property that is subject to this action, the Defendant's monies, are located within this Honorable District.

## COUNT I – BREACH OF A MARITIME CONTRACT

6.      On or about January 17, 2005, T Klaveness Shipping AS as owner, and Gujarat as charterer, entered into a contract of affreightment for the carriage of 1,190,000 metric tons of coal in bulk from the east coast of Australia to India over three years (the "COA"). The COA was based on an Americanised Welsh Coal Charter.

7.      The freight rate provided for under the COA was dependent upon the location of the load and discharge ports, as well as when the lifting was performed.

---

dismissed by the Hon. Paul A. Crotty, subject to an application for reinstatement by Plaintiff which has yet to be submitted.

2

8. The COA further provided for a shipment period of March 1, 2005 through December 31, 2007, and set forth the requirements for Gujarat regarding laycan nomination and getting shippers/receivers approvals.

9. Two disputes arose out of the COA, one regarding a lifting involving the motor vessel DESERT EAGLE ("Desert Eagle Claim") and another regarding a lifting involving the motor vessel ATLANTIC EAGLE ("Atlantic Eagle Claim").

10. The Desert Eagle Claim resulted in an arbitration award in T Klaveness Shipping AS' favor, which award Gujarat subsequently satisfied. As such, relief with respect to the Desert Eagle Claim is not sought in this action.

11. T Klaveness Shipping AS seeks relief in connection with the Atlantic Eagle Claim wherein T Klaveness Shipping AS suffered damages under the COA with respect to a shortfall in the freight paid by Gujarat for a lifting performed by the motor vessel ATLANTIC EAGLE (the "Vessel").

12. The Vessel loaded in October 2006 and was discharged in Paradip, East Coast India. Paradip was not a discharge port that fell within the range of discharge ports agreed to in the COA. As such, T Klaveness Shipping AS performed the voyage under protest.

13. As a result of Gujarat's breach of the COA, T Klaveness Shipping AS is entitled to the monies it would have made had Gujarat complied with its contractual obligations and nominated a discharge port within the range for a complete cargo, namely $280,800. A true and correct copy of the breakdown of the monies T Klaveness Shipping AS would have made had

3

Gujarat complied with its obligations, as addressed in a letter dated August 14, 2008 to Gujarat's representatives, is attached hereto as Exhibit 1.

14. Instead, due to Gujarat's breach, T Klaveness Shipping AS only made $77,000.00 on October 2006 voyage. A true and correct copy of the breakdown of T Klaveness Shipping AS' actual monies received, also addressed in the August 14, 2008 letter to Gujarat, is attached hereto as Exhibit 2.

15. T Klaveness Shipping AS is entitled to lost revenues damages so as to be placed in the position it would have been under the COA but for Gujarat's improper nomination of a discharge port. As such, T Klaveness Shipping AS is entitled to damages in the principal amount of US $203,800.00 from Gujarat (i.e. $280,800.00 less $77,000.00).

16. Clause 51 of the COA calls for arbitration in London, with the application of English law. Per Clause 51, T Klaveness Shipping AS initiated arbitration proceedings on December 11, 2008. T Klaveness Shipping AS filed its claims submissions, which mirror the Atlantic Eagle Claim herein, on 8 April 2009 (these were subsequently amended on 15 July 2009). Gujarat filed its defense on 8 May 2008, and Klaveness served its submission to Gujarat's defense on 3 September 2009. The parties are now in the process of seeking agreement concerning the final disposition of the arbitration, including whether the arbitration will be decided on the papers submitted or following an oral hearing.

17. While all disputes arising out of the COA are to be arbitrated in London, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8, is not and cannot be considered a waiver of the COA's arbitration clause.

18. In London arbitrations where English law applies, costs, including a reasonable allowance for attorney's fees routinely are awarded.

19. It is estimated that it will take approximately one more year to conclude this matter. Thus, because T Klaveness Shipping AS' Atlantic Eagle Claim accrued in October 2006, T Klaveness Shipping AS is entitled to approximately four (4) years of interest, resulting in the following estimated interest and attorneys' fees in addition to T Klaveness Shipping AS' principal claim:

| | |
|---|---|
| Interest (6.25% on $203,800..00 for four years) compounded quarterly | $ 57,379.03 |
| Attorneys' fees and Arbitrator's Costs | $ 134,077.91 |
| Principal Claim: | $ 203,800.00 |
| Total Sought: | $ 395,256.94[2] |

### Application for Issuance of a Rule B Attachment

20. As previously noted in paragraph 2, T Klaveness Shipping AS seeks to attach Defendant's funds located in a specific bank account at HSBC Bank USA, N.A. in this District. Specifically, once Defendant's monies were restrained in connection with the New York Action,

---

[2] In the New York Action, which was filed on December 18, 2008, London arbitration counsel advised that the amount of the claim was $232,389.00, for which interest was calculated to accrue at $65,238.94. London counsel further estimated that attorneys fees expected to amount to $75,000 and that arbitrators costs would amount to $22,629. Since the New York Action was filed, Klaveness has amended the Atlantic Eagle Claim downwards with a consequent reduction in interest accrued as reflected above. In the interim, however, London arbitration counsel for Gujarat has suggested the necessity of an oral hearing, which has resulted in a revised estimate of arbitration costs of approximately $27,000 and total Attorneys' fees between $125,000 and $140,000 (of which approximately $83,000 already have been incurred). Accordingly, Klaveness requests the restraint of the $395,256.94 which is less than their expected amount of the claim.

they, like other funds held for Rule "B" Maritime Attachments and garnishments have their own non-interest bearing account, a "maritime holdover" account, physically located in New Castle, Delaware.

21.     Gujarat is not found within the District of Delaware, but does have assets/monies within the jurisdiction in an account at HSBC Bank USA, N.A. T Klaveness Shipping AS seeks issuance of an order from this Court directing the Clerk of the Court to issue a process of maritime attachment and garnishment pursuant to Rule B and also pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 & 8, attaching the assets of Gujarat located in a specific bank account at HSBC Bank USA, N.A., for the purpose of obtaining quasi-in-rem jurisdiction over Gujarat and to secure T Klaveness Shipping AS' claims as described herein.

**WHEREFORE**, Plaintiff T Klaveness Shipping AS prays:

1.      That a summons with process of attachment and garnishment may issue against the Defendant Gujarat NRE Coke Ltd. in the amount of US$395,256.94 (inclusive of estimated interest and attorneys' fees), and if Defendant Gujarat NRE Coke Ltd. cannot be found, then that its debts, effects, monies, funds, credits, accounts, within the district at HSBC Bank USA, N.A. may be attached in an amount sufficient to answer T Klaveness Shipping AS' claim;

2.      That Defendant Gujarat NRE Coke Ltd., and any other person claiming an interest therein, may be cited to appear and answer the matters aforesaid;

3.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

5. That judgment be entered in favor of T Klaveness Shipping AS and against Gujarat NRE Coke Ltd. in the amount of $395,256.94 (including estimated interest and attorneys' fees); and,

6. That this Court grant T Klaveness Shipping AS such other and further relief which it may deem just and proper.

                                      FOX ROTHSCHILD LLP

                                      By: _____
                                      Sharon Oras Morgan, Esquire (#4287)
                                      Sophia S. Siddiqui, Esquire (#4914)
                                      919 North Market St., Suite 1300
                                      P.O. Box 2323
                                      Wilmington, DE 19899-2323
                                      Tel: 302-622-4246
                                      *Attorneys for T Klaveness Shipping AS*

Dated: October 26, 2009

# EXHIBIT 1

Screenshot of DesktopTKG - MetaFrame Presentation Server Client, Dataloy Systems - Voyage Management System - 3.4.1 b1874 - Environment: tkgroup-prod, showing a Voyage Charter screen for vessel ATLANTIC EAGLE (#17713).

# EXHIBIT 2

DesktopTKG - MetaFrame Presentation Server Client
Dataloy Systems - Voyage Management System - 3.4.1 b18774 - Environment:tkgroup-prod

File   View   Modules   Voyage   Cargo   Port Cost   Cargo Port   Functions   Multi-Mods   Help

Open Voyage...   New Voyage Charter   New Time Charter Out   TC In Contract   Print

Prelim. Voyage Charter - ATLANTIC EAGLE 2009/2

| | | | | | | |
|---|---|---|---|---|---|---|
| Vessel: | ATLANTIC EAGLE | | | DWT: | 74,085 / 14.1 | |
| Speed | 14.00 / 14.00 | | | | | Freight: 1,260,400 |
| Port FO | 3.0 / 3.0 | DO: 1.8 / 1.8 | Clean: 0 x 0 d | | | Various: 0 |
| DO/Sea | 0.0 ETD: 18.07.08 16:36 | | Heat: 0 x 0 d | RoB FO: 0 | | Demurrage: 0 |
| Ballast: | GLADSTONE | | | RoB DO: 0 MT | | Gross Revenue: 1,280,400 |

Charter: BLOCKED - T. KLAVEN; Broker:
Ports: PORT KEMBLA/BEDI
Quantity: 55,000,000 MT    COAL
USD  21,840 MT    0.00 Min Qty
Comm: 0.00 %    2.50 % Dem/Desp
L/D Rate:
Overage: 0 %   Deadfreight @   0.00 COA:   ☐ Reversible

Commission: 60,819
Net Revenue: 1,219,581
Despatch: 0
Port Cost: 0
Canal Cost: 0
L/OHC: 0
Handling Cost: 0
Various: 0
Freight Cost: 1,171,170

| | |
|---|---|
| Waiting | 0.00 |
| Ballast Passage | 0.00 |
| Loaded Passage: | 15.02 / 5.048 |
| Canal Passage: | 0.00 |
| Loading: | 0.50 TO: |
| Discharging: | 0.00 |
| Extra Port | 0.00 |
| TOTAL DAYS | 15.52 |
| % Extra Sea | 0 |
| Comment: | |

FO Price/MT: 0   542,357
DO Price/MT: 0   0.00
TC Equivalent:   3,118   Contrib: 48,411
Hire Payable: 0   0.00 %
Ballast Bonus: 0
Meals & Cables: 0
Breakeven Day
Result/Day   3,118   Result: 48,411
TC In Contract:   Status: P

Ports

| Port Name | R... | R... | Miles | Cost LC | Currency | Cost Voyag... | Xtra | In Port |
|---|---|---|---|---|---|---|---|---|
| 1 GLADSTONE | C | | 0 | 0 | USD | 0.00 | 0.00 | 0.50 |
| 2 TORRES STRAIT | C | | 1017 | 0 | USD | 0.00 | 0.00 | 0.00 |
| 3 PARADIP | D | | 4031 | 0 | USD | 0.00 | 0.00 | 0.50 |

Cargoes

| Reference | Charterer | Quantity | Commodity | Freight | Lay. Can | 0.00 OK |
|---|---|---|---|---|---|---|
| 3946082 | Gujarat Ne Co... | 55,000.00 COAL | | 1,280,400 | | Check |
| 39405... | BLOCKED-T... | 55,000.00 COAL | | 1,280,40... | | 0.00 OK |

Various Cost/Revenue - Cargo   Various Cost/Revenue - Voyage
Add   Remove   Edit Various   Remove Various

| Text | Type | Curr. | Rate | Rule | Amount LC | Amount USD | C... |
|---|---|---|---|---|---|---|---|

Description:
Invoice Party:

Cargo Ports

| # | Port Name | Terminal N... | Reaso... | Quantity | Freight Rate | Currency | Handling C... | L/D Rate | Terms | Laytime Us... | Demurrage | Despatch | Free Despa... | Reversible |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PORT KE... | | D | 55,000.000 | 0.00 USD | | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | | |
| 1 | BEDI | | D | 65,000.000 | 21.84 USD | | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | | |

Dataloy Systems - Vo...   Klaveness News - Klaven...   Clue

Start

/1.5TT,5.

Michael J. Frevola
Christopher R. Nolan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
Tel.:   (212) 513-3200
Fax:   (212) 385-9010
E-mail: michael.frevola@hklaw.com
        chris.nolan@hklaw.com
        lissa.schaupp@hklaw.com

Attorneys for Plaintiff
*T Klaveness A/S*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| T KLAVENESS A/S,<br><br>                        Plaintiff,<br><br>- against -<br><br>GUJARAT NRE COKE LTD.,<br><br>                        Defendant. | 08 CV 11030    J. CROTTY<br>         (    )<br><br>**ORDER FOR ISSUANCE<br>OF A WRIT OF ATTACHMENT<br>AND GARNISHMENT** |

**UPON** reading the Verified Complaint for issuance of process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule B"), and the affidavits and papers submitted in support thereof, and the Court finding that the conditions for an action under Supplemental Rule B appear to exist;

**NOW**, upon motion of Holland & Knight LLP, attorneys for Plaintiff, it is hereby

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| T KLAVENESS SHIPPING AS, <br> a foreign corporation <br><br> Plaintiff, <br><br> v. <br><br> GUJARAT NRE COKE LTD., <br> A foreign corporation <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. _____ |

### AFFIDAVIT IN SUPPORT OF ATTACHMENT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Christopher R. Nolan, being duly sworn, deposes and says:

1.  I am an associate of the firm of Holland & Knight LLP, attorneys for plaintiff T Klaveness Shipping AS ("Plaintiff" or "Klaveness"), am duly admitted to practice before the United States District Court for the Southern District of New York, and am seeking *pro hac vice* admission to the United States District Court for the District of Delaware.

2.  I am familiar with the facts and circumstances underlying this dispute and I am submitting this affidavit in support of the Verified Complaint and the Writ of Attachment.

3.  Defendant Gujarat NRE Coke Ltd. ("Defendant") is not listed in the telephone directory of the principal metropolitan areas in this district, nor is it listed in the Transportation Tickler, a recognized commercial directory in the maritime industry.

4.      Our office examined the online database of the Delaware Department of State on October 26, 2009, and the Defendant was neither listed as a Delaware business entity, nor as a foreign business entity authorized to do business in Delaware.

5.      Our office consulted additional sources including *inter alia* the Westlaw Company Index, Hoover's Company Index, Equasis, and Infospectrum, and was unable to find the Defendant within this district or within the State of Delaware.

6.      To the best of my knowledge, Defendant cannot be found within this district or within the State of Delaware.

7.      Based upon the facts set forth in the Verified Complaint, I respectfully submit that the Defendant is liable to Plaintiff for the damages alleged in the Verified Complaint, which amounts, as best as can be presently determined to a total of $395,256.94, including estimated interest, expenses and attorneys' fees.

8.      Defendant has debts, assets, effects and monies, funds, credits, accounts, or tangible or intangible property which belong to it within the district located in a "maritime holdover" account of HSBC Bank USA, N.A. ("HSBC") located in New Castle, Delaware. Specifically, I was informed by an HSBC representative on October 23, 2009 that once the Defendant's monies were restrained in connection with the New York Action as defined in the Complaint filed with the Court today, it is customary that they, like other funds held for Rule "B" Maritime Attachments and garnishments, are placed in a non-interest bearing account, a "maritime holdover" account, physically located in New Castle, Delaware.

9. Plaintiff is, therefore, requesting that this Court, pursuant to Rule B(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, issue a writ of maritime attachment for an amount up to $395,256.94 for Defendant's funds being held in a "maritime holdover" account at HSBC HSBC.

**WHEREFORE**, Plaintiff respectfully requests that the application for a writ of maritime attachment and garnishment be granted.

_____
Christopher R. Nolan

Sworn to before me this
26th day of October, 2009

_____
Notary Public

DIALYZ E. MORALES
Notary Public, State Of New York
No. 01MO6059215
Qualified In New York County
Commission Expires June 25, 2011